7tm 540
f130   422

CHANCERY.    *Robinson  vs.  Offutt &c.*

Case 111.    Appeal from the Woodford Circuit; WILL. L. KELLY, Judge,

*Evidence.  Performance of covenants.  Release of sureties, by novations and giving time to the principal.*

October 9.    Judge MILLS delivered the Opinion of the Court.

Contract.    ON the 15th of August, 1820, Hillary and Milford Offutt purchased from the firm of G. & J. Robbinson, goods to the amount of $6,212 61, and executed to the said firm, their note for the payment thereof, with Horatio J. Offutt, Warren Offutt, and Joel Johnson their sureties, expressing that the demand might be discharged in flour, whiskey, tobacco, pork and lard, delivered at Leestown warehouse below Frankfort in the month of March, 1821.

Bill on the lost obligation.    Jonathan Robinson, one of the obligees, and Milford Offutt, one of the obligors, departed this life before this suit was commenced. George Robinson surviving obligee, brought his bill in equity against the surviving obligors: alleging the loss of this note, and a total failure of the obligors to pay it or any part thereof, and praying a decree for the amount. The defendant Hillary Offutt does not contest his liability.

HillaryOffutt not controverting the demand.

The sureties rest their defence on two grounds:

Defence of the sureties.    1. That the name of Warren Offutt was cut off from the obligation, and the contract as to him cancelled, without consulting the other sureties, which so materially changed the contract, as to release all the sureties.

2. That the produce was delivered at the warehouse, all in due time, and part of it placed by the Robinsons on board of a boat, and while thus progressing in receiving the produce, the Robinsons sold out the produce to Hillary Offutt, and agreed to take $5,000 for the whole, payable in New Orleans, and took from said Hillary, his separate note for the amount, and they insist that this was a payment sufficient to discharge the obligation, or if it was not, that the new contract with the principal and the giving of further day of payment discharged the sureties.

As to the fact whether Warren Offutt did ever take his name from the obligation by consent of the obligees, the proof is doubtful, one witness proves it positively; but he seems to be illiterate and weak, and has so varied his testimony, by subsequent deposition, and written statements and confessions to others, that credit can scarcely be given to him.

There is also some doubt on the point whether a sufficient quantity of the stipulated commodities were delivered to discharge the whole contract. But we incline to the opinion that it was believed to be enough by the parties, and accepted by the Robinsons in the warehouse as sufficient. Of course the contract was legally discharged, and the sureties could not be bound again, without a new engagement.

But if it be admitted that the produce was not quite all there, and that it was not all received in discharge of the contract; yet the proof is clear that the Robinsons did enter into a new contract with Hillary Offutt, one of the principals and therein did agree to accept $5,000, in New Orleans for the whole, and Hillary took the boats and hands provided, and descended the river with them. It is true that it is proved that it was agreed between the Robinsons and Hillary Offutt, that if he, Hillary, failed in the payment of the $5,000, in Orleans, the original note of $6,212 61, was to remain valid and binding upon the parties. But there is an entire absence of proof that either of the sureties were present or assenting to this latter agreement, and without such assent the agreement would tend to release, instead of to bind them.

There is some attempt to prove that Warren Offutt made acknowledgment afterwards, that he continued bound; but these expressions were probably made use of by him, if used at all, under an ignorance of the legal effect of the second agreement to release him. There is a total absence of proof that he assented to the last agreement when made, and that he agreed to remain bound.

There can be no doubt that the latter agreement, according to the principles of equity, would release

Evidence.

Where the produce delivered to discharge a covenant is *believed* by the parties to be sufficient, and so *accepted*, the contract is legally discharged, it seems.

An agreement of the creditor to give the principal debtor further time, is a release of the surety.

Stipulation in such case, that if the new agreement is not performed, the original contract shall remain obligatory, will not bind the sureties unless *they* assented.

An acknowledgment of a surety that he remained bound, made in ignorance of the effect of the novation between the creditor and principal

ROBINSON
vs.
OFFUTT &c.

is not obliga-
tory.

Release of
sureties by
novations.

the sureties. It cut off the means of then discharg-
ing the original contract, and thus reaching their
principals. It was a definite agreement reduced to
writing, and such as could be enforced by legal rem-
edies. It gave day to the principals to the preju-
dice of the sureties, and was therefore, in equity,
a complete release. The circuit court decreed a-
gainst the principal, Hillary Offutt, but refused to de-
cree against the sureties. This refusal was correct,
and the sureties were held to be discharged rightful-
ly, and the complainant below is entitled to no fur-
ther relief on this appeal which he has prosecuted.

Decree affirmed with costs.

*Crittenden* for appellant; *Haggin, Depew* and *Mon-
roe* for appellees.